# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 1116 | **DATE** | 4/16/2004 |
| **CASE TITLE** | WILLIAM SIKORA vs. AFD INDUSTRIES, INC., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant Verto's motion (subsequently joined by AFD) to exclude certain evidence pursuant to Federal Rule of Civil Procedure 37(C)(1) or to reopen discovery as to the issue of lost income is granted in part. Status hearing is set for April 20, 2004 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | APR 19 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | LG | courtroom deputy's initials | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM SIKORA, )
)
        Plaintiff, )
)
vs. ) No. 98 C 1116
)
AFD INDUSTRIES, INC. and VERTO )
STAALKABEL BV, INC., d/b/a )
UNITED ROPES, )
)
        Defendants. )

DOCKETED
APR 19 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff brought this action against defendants Verto Staalkabel BV, Inc. (Verto) and AFD Industries, Inc. (AFD) alleging product liability and breach of warranty. Defendant Verto filed a motion (subsequently joined by AFD) to exclude certain evidence pursuant to Federal Rule of Civil Procedure 37(C)(1) or to reopen discovery as to the issue of lost income. For the following reasons, defendants' motion is granted in part.

On April 30, 1993, plaintiff was severely injured while attempting to clean the elevator ropes at the Sheraton Hotel and Towers in Chicago. He claims that his injuries were the result of a defect in the ropes, which caused them to accumulate an abnormal type of "gunk" shortly after installation of the elevator system.

As part of his claims, plaintiff seeks recovery of lost wages resulting from his injuries. In 1997, defendants issued a set of interrogatories and document requests relating to the lost wages claim. Plaintiff produced information showing his salary prior to the accident, his subsequent work history and his salary in 1998 and 2003. On July 31, 2000, discovery was

closed and February 24, 2003, was the final day for defendants to name expert witnesses. In early 2004, defendants requested to re-depose plaintiff and did so on March 31, 2004. Prior to that deposition, plaintiff's counsel provided the defendants with a spreadsheet showing the estimated wage losses of the plaintiff from 1993 through 2035, estimating that these damages totaled $5,611,772.00. Defendants now seek to exclude the evidence contained within the spreadsheet and limit plaintiff's evidence of lost wages to tax returns he had earlier produced.

Rule 26 requires parties to amend discovery disclosures as subsequent information becomes available. If they fail to do so, Rule 37 bars the use of such evidence at trial. The sanction of exclusion is automatic unless the non-movant can show that the violation of Rule 26 was either justified or harmless. David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003). While the determination of whether the failure to disclose is harmless is within the trial court's discretion; the factors that should guide the court include (1) the prejudice to the party against whom the evidence is offered; (2) the ability to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) the willfulness of non-disclosure. Id. While we do not believe that plaintiff's failure to disclose the spreadsheet was harmless, we believe that prejudice will be avoided by reopening discovery as to the issue of lost wages.

The issue here is not whether defendants knew that plaintiff would be claiming significant wage losses due to the injury – that much is clear. But much of the information is beyond the ken of a layman. It assumes that the plaintiff will be employed full-time as a mechanic, without layoffs, until he is 70. It assumes, apparently, a constant inflation rate plus increased wages and benefits of approximately 4 per cent. It is highly inflated by a failure to adjust it to a present discount value. The increases in wages and benefits from time of injury

to now is less problematic than the projections into the distant future, but surely plaintiff needs an expert witness to support much of his spreadsheet – and defendants are entitled to expert testimony to rebut many of the conclusions.

We are loath to confine plaintiff to a claim restricted to the information previously disclosed. It appears that, given the emphasis on liability issues, there has not been much emphasis on lost income issues – although certainly defendants had no reason to anticipate the boxcar figures now proposed. Opening up discovery briefly is one avenue, but what that would entail is somewhat uncertain. We direct the parties to appear for a status conference on April 20, 2004, at 9:30 a.m. to discuss this matter – but from the perspective of adhering to the May 12, 2004, trial date.

JAMES B. MORAN
Senior Judge, U. S. District Court

April 16, 2004.